IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Eddie L. Penland, | Civil Action No.: 7:17-cv-00084-MGL-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| | **OF MAGISTRATE JUDGE** |
| Jerry B. Adger, Erin Johnson, Alan Wilson, | |
| Defendants.[1] | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 20.] Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action on January 11, 2017.[2] [Doc. 1.] Defendants filed a motion for summary judgment on February 28, 2017. [Doc. 20.] On March 1, 2017, the Court issued an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 23.] Plaintiff filed a

---

[1]Michael J. Cavannough was terminated from this action on February 7, 2017. [Doc. 14.]

[2]Plaintiff titled the Complaint "Emergency Motion for Declaratory and Injunctive Relief." [Doc. 1 at 1.]

response in opposition to Defendants' motion on April 27, 2017. [Doc. 33.] Accordingly, the motion is ripe for review.

## BACKGROUND

According to Plaintiff, he received a thirty-year sentence in the state of Maryland in 1988 for burglary and attempted robbery. [Doc. 1 ¶ 2.] Plaintiff was granted parole in 2000. [*Id.*] In 2014, Plaintiff contacted his parole agent regarding transferring his parole from Maryland to South Carolina. [*Id.* ¶ 5; Doc. 1-1 at 3.] In 2015, an application was placed to transfer Plaintiff's parole from Maryland to South Carolina through the Interstate Commission for Adult Offender Supervision ("Interstate Compact").[3] [Docs. 1 ¶ 5; 1-1 at 4.] Plaintiff requested transfer to live with his mother in Spartanburg, South Carolina. [Docs. 1 ¶ 5; 1-1 at 3.] This request was denied. [Doc. 1-1 at 7.]

Plaintiff was granted a temporary travel permit to visit his mother from December 3, 2016, through December 18, 2016. [Doc. 33-2.] Subsequently, Plaintiff's Interstate Compact transfer request was approved on February 23, 2017. [Doc. 20-1.] Plaintiff is currently residing in Spartanburg, South Carolina, at his mother's residence and is being supervised by Defendant Erin Johnson ("Johnson"), with the Spartanburg Office of the Department of Probation, Parole, and Pardon Services. [Doc. 20 at 2; *see also* Doc. 33-1 at 1.]

---

[3]It appears that Plaintiff previously requested transfer under the Interstate Compact in 2005; however, that application was denied. [Doc. 1-1.]

2

Plaintiff, who filed the instant action prior to the transfer being approved, seeks a declaration that Defendants were wrong; immediate transfer to South Carolina; training for Defendants' staff on Interstate Compact rules; costs, including legal fees; and any additional relief the Court deems just and proper. [Doc. 1 ¶ 17.]

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting

3

*Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage."  *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed

4

of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477

5

U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored

6

> information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

As an initial matter, as discussed above, Plaintiff's request for transfer of his parole from Maryland to South Carolina through the Interstate Compact has been approved. [Doc. 20-1.] Plaintiff is currently residing with his mother in Spartanburg, South Carolina, and is being supervised by Johnson. [Doc. 20 at 2.] A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). A claim may be mooted "when the claimant receives the relief he or she sought to obtain through the claim," because the court no longer "has [ ] effective relief to offer." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002); *see also Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007). Because Plaintiff has been approved through the Interstate Compact for transfer to South Carolina and Plaintiff is currently residing with his mother, as requested, the undersigned recommends that Plaintiff's claims for injunctive and/or declaratory relief be found as moot.[4]

---

[4]To the extent Plaintiff requests injunctive relief for other prisoners that "Defendants retrain all staff regarding compact rules and moral issues involved," [Doc. 1 ¶ 17], or, as

7

Further, the Interstate Compact does not create a private right of action for parolees. The Interstate Compact "is a formal agreement between member states that seeks to promote public safety by systematically controlling the interstate movement of certain adult offenders." Introduction, Interstate Commission for Adult Offender Supervision Rules (March 1, 2016) ["ICAOS Rules"], available at http://www.interstatecompact.org (last visited May 18, 2017). Under the Interstate Compact, states may transfer offenders to other states, providing offenders the opportunity to transfer their parole supervision to the community where they have family, confirmed employment, specialized treatment programs, and/or educational or vocational opportunities. *Id.* at 24. However, there exists no right to have parole transferred to another state. *See Doe v. Pa. Bd. of Prob. and Parole*, 513 F.3d 95, 104 (3d Cir. 2008) (holding that the language of the Interstate Compact itself creates rights for the various states who are signatories to it, but it does not create rights for probationers or parolees.); *see also Castaneira v. Potteiger*, 621 Fed.Appx. 116, 119 (3d Cir. 2015) (finding parolees do not have a private right of action under § 1983 to enforce the provisions of the Interstate Compact). Because Plaintiff has not alleged a private right of action under § 1983, the undersigned recommends granting

---

stated by Plaintiff's mother, that Defendants "correct this stuff in the books for other people can be with their family too" [Doc. 33-1], the relief Plaintiff seeks is improper. Plaintiff lacks standing to assert claims for relief on behalf of other inmates. *See, e.g., Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a pro se prisoner unassisted by counsel cannot be an advocate for others in a class action); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one pro se inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others).

Defendants' motion for summary judgment.

**RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion for summary judgment [Doc. 20] be GRANTED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

May 25, 2017
Greenville, South Carolina